Argued September 12, affirmed September 27, 1973

ATWOOD, *Respondent, v.* INTERNATIONAL
REALTY, LTD., *Appellant.*

514 P2d 553

*Gerald D. Wygant,* Portland, argued the cause and
filed a brief for appellant.

*Roger G. Rose,* Portland, argued the cause and filed
a brief for respondent.

Holman, J., did not participate in this decision.

O'CONNELL, C. J.

This is an action brought by a real estate salesman against International Realty, Ltd., a real estate broker, his employer, to recover commissions for services in obtaining listings for defendant. The trial court sitting without a jury found for plaintiff, and defendant International Realty, Ltd., appeals.

On appeal defendant's principal argument is that because plaintiff concealed the fact that he was acquiring a part interest in the property being sold, plaintiff violated a fiduciary duty which rendered unenforceable defendant's agreement to compensate plaintiff for his services.

This argument is made for the first time on appeal. However, defendant, relying upon *Cullison v. Downing*, 42 Or 377, 71 P 70 (1903), contends that the question of illegality may be raised for the first time on appeal. In the *Cullison* case the court made note of the fact that the illegality of the contract was "apparent from the plaintiff's own case," and it was clear that plaintiff knew that he was acting illegally at all times during his employment.

There is no similar record in the present case. Defendant's brief contains the barest outline of the transactions alleged to be illegal. From this sparse statement of facts, it is impossible to determine precisely how plaintiff was involved in the transactions by which he received a part interest in the property. And there is no reference to the voluminous record which would enlighten us as to plaintiff's involvement. If the issue had been raised at trial, it is quite possible that plaintiff could have adduced evidence showing that the acquisition of his interest in the property did not in any way violate his fiduciary duty to defendant.

Under these circumstances, we refuse to consider defendant's assertion of illegality at this stage in the judicial process.

Defendant makes two other arguments which are not worthy of consideration on appeal.

The judgment is affirmed.